UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>    Plaintiff, )<br>               )<br>    v. )<br>                )<br>JOHN DOE, *subscriber assigned IP* )<br>*address 98.226.144.247*, )<br>    Defendant. ) | CAUSE NO. 4:13-CV-27-JD-JEM |

## **ORDER**

This matter is before the Court on a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [DE 4], filed by Plaintiff on April 22, 2013.

Federal Rule of Civil Procedure 26(d) allows for discovery before the parties have conferred as required by Rule 26(f), when authorized by a court order for "good cause." Fed. R. Civ. P. 26(d)(1). In internet infringement cases, courts have found good cause to exist for the issuance of a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference when: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (same); *Warner Bros. Records, Inc. v. Doe*, NO. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec. 4, 2008) (same); *BMG Music v. Doe #4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (same); *see also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (finding that good cause existed to permit record companies to conduct

expedited discovery by serving subpoena on non-party Internet Service Provider seeking identifying information for Doe defendants).

The Court finds that Plaintiff meets these requirements. First, Plaintiff has made a prima facie claim of copyright infringement, which consists of two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff has plead in the Complaint that Plaintiff is the owner of the copyrights that cover the works; that by using BitTorrent, Defendant copied and distributed elements of the original works covered by the copyrights; and Plaintiff did not authorize, permit or consent to Defendants' copying of its work. Plaintiff has also attached the Declaration of Tobias Fieser, an employee of Plaintiff's investigator, IIP Limited, that "[c]omputer(s) using the IP address identified on Exhibit B connected to IPP's investigative server in order to transmit a full copy, or a portion thereof, of each digital media file as identified by its hash values set forth on Exhibit B," Decl. ¶ 17, and that he "was provided with a control copy of each copyrighted work identified on Exhibit B (the "Movie"). I viewed each Movie side-by-side with the digital media file identified by its file hash value set forth on Exhibit B. I verified that each digital media file contained a motion picture that was identical, strikingly similar or substantially similar to the Movie associated with it." Decl. ¶ 20.

Second, Plaintiff has identified specific information that it seeks through discovery, namely to discover from the Defendant's ISP the true name, address, telephone number, and e-mail address of the Defendant. Plaintiff represents that this is information that is in the possession of the Defendant's ISP that will enable Plaintiff to serve process on Defendant. Third, there is no alternative means that exists for Plaintiff to obtain Defendant's true identities because "the ISP is

the source for information relating to associating an IP address to a real person." Decl. ¶ 8. Fieser also states, "[o]nce provided with the IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber [i.e., the Defendant]." *Id*. at ¶ 22.

Fourth, Plaintiff needs the information to advance its asserted claims. As Plaintiff argues, Plaintiff's important statutorily protected rights are at issue in this suit, and, therefore, the equities weigh heavily in favor of preserving Plaintiff's rights. Finally, Plaintiff's interest in learning Defendants' true identities outweighs Defendants' interests in remaining anonymous. Defendants are alleged copyright infringers that have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in distributing the copyrighted work in question without permission.

Accordingly, the Court **GRANTS** the Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [DE 4] and **ORDERS**:

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of this Order;

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to Defendant.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which provides:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system;

shall comply with 47 U.S.C. § 551(c)(2)(B), which provides:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

4. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by the ISP. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

In addition, due to the nature of the case, the Court **ORDERS**:

1. No later than two days after receipt by Plaintiff of any response or any other communication relating to a subpoena issued to any Internet Service Provider or any other person

or entity in this matter, Plaintiff shall file under seal in this matter a copy of the subpoena issued and the complete response received, including all communications between Plaintiff or its counsel and the person or entity upon whom the subpoena was served. Plaintiff shall likewise file under seal any subsequent or supplemental responses or communications regarding any subpoenas previously filed within two days of Plaintiff's issuance or receipt of such response or communication, with reference to the docket number of the subpoena to which such response relates.

2. Plaintiff, its counsel, and any other person or entity acting for or on its behalf shall hereafter refrain from any direct communication with Defendant without express leave of Court. The sole exception to this prohibition is that counsel for Plaintiff may arrange to effect service of a summons and the Complaint upon a putative Defendant and following service upon a Defendant may properly serve any other papers filed with the Court upon that Defendant. Communications with counsel for a putative Defendant are permitted.

3. Within seven days of the identification through discovery or otherwise of any putative Defendant, Plaintiff shall undertake immediate efforts to effect service of process upon that Defendant and file such proof of service under seal with the Court.

4. Considering the sensitive nature of this case—that is, Plaintiff's allegations that the Doe Defendant illegally downloaded (and presumably viewed) sexually explicit materials—and the potential for embarrassment and annoyance to Defendant, the Court *sua sponte* enters a protective order allowing the Doe Defendant to proceed anonymously at this stage. *See* FED. R. CIV. P. 26(c) (permitting a court to enter a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *see also, e.g.*, *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *5-6 (N.D. Ill. Aug. 27, 2012) (allowing

defendants to proceed anonymously in copyright infringement case involving the BitTorrent file-sharing program and adult pornographic videos); *Patrick Collins, Inc. v. Does 1-44*, No. JFM 8:12-cv-20, 2012 WL 1144854, at *1 (D. Md. Apr. 4, 2012) (same).

Accordingly, Plaintiff is **ORDERED** not to use the Doe Defendant's real name in an amended complaint or other communication that is publicly filed unless Plaintiff has first obtained leave of Court to do so.  This Order will stand until further order of the Court.

So ORDERED this 9th day of May, 2013.

                                  s/ John. E. Martin
                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                  UNITED STATES DISTRICT COURT

cc:     All counsel of record