UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No.: 4:13-cv-00027-JD-JEM |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 98.226.144.247, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

### I.   INTRODUCTION

Plaintiff respectfully submits the following response to the Court's July 29, 2013 Order to show cause. Plaintiff had no intention to violate the Court's May 9, 2013 Order directing Plaintiff to refrain from communicating directly with Defendant without express leave of Court. To explain, undersigned tracks communications sent to his e-mail address with case specific filters which tag communications in cases that involve protective orders. In this way, undersigned knows immediately whether or not communication with a defendant is permitted. Here, undersigned's e-mail filter failed and accordingly, undersigned was not made immediately aware that communication was prohibited. Further, because Defendant initiated the communications and made clear that he/she was interested in an early resolution of the claims, undersigned obliged Defendant without cross checking the Court's Order. In so doing, undersigned unintentionally disobeyed the Court's Order.

Since the Court's Order to Show Cause, undersigned has created an excel spreadsheet to track case specific court orders which will be updated regularly. *See* Exhibit A. Prior to

1

communication with any *pro se* defendant going forward, undersigned will consult the table to ensure that a similar mistake is not repeated. This was a very unfortunate accident that Plaintiff and undersigned wish to remedy immediately by: (a) returning the settlement proceeds to Defendant; (b) donating the settlement proceeds to a legal aid organization; or (c) complying with any other Court recommended course of action. Undersigned is deeply sorry for this mistake and apologizes to both the Court and the Defendant.

## II. UNDERSIGNED'S E-MAIL FILTERS DID NOT TAG DEFENDANT'S COMMUNICATIONS AS SUBJECT TO A PROTECTIVE ORDER

Undersigned uses Gmail as his e-mail client. Gmail allows users to create different filters which can automatically tag and sort e-mails when they are received. Undersigned always creates filters for each case number in which a protective order has been entered and the filters are always formatted in the exact same style. Here, the filter undersigned created was styled as "4:13-cv-00027". Thus, any e-mail communication sent that contains "4:13-cv-00027" is automatically tagged with a red label created by undersigned which reads "Protective Order Matter."

When Defendant contacted undersigned, however, Defendant styled the case number as "4:13_cv_00027_JD_JEM." Unfortunately, because Defendant used underscores instead of dashes, the filter did not recognize the case number and did not tag the communication as "Protective Order Matter." This is the first time that undersigned has received an e-mail which formatted the case number with underscores instead of dashes and the first time that the Gmail filters employed by undersigned have failed to serve their purpose.

### III. DEFENDANT INITIATED COMMUNICATION WITH UNDERSIGNED SEEKING AN EARLY RESOLUTION OF THE CASE

Undersigned never had any intention to violate the Court's Order. On July 2, 2013, Defendant contacted undersigned via e-mail indicating that he/she desired to pursue early settlement:

> Mr. Nicoletti,
>
> The John Doe in case number 4:13_cv_00027_JD_JEM identified by IP address 98.226.144.247 wishes to negotiate a settlement for this case filed in the Northern District of Indiana. Please respond by email to this address so that we may pursue an early settlement in this case.
>
> Thank you,
>
> John Doe, IP Address 98.226.144.247

*See* Exhibit B.

### IV. IN RESPONDING TO DEFENDANT'S E-MAIL, UNDERSIGNED ONLY ATTEMPTED TO PLACATE DEFENDANT AND HAD NO INTENT TO VIOLATE THE COURT'S ORDER

Because Defendant made clear that he/she wanted to resolve the matter early in the litigation, undersigned—with innocent intent—complied with Defendant's request. Accordingly, undersigned responded to Defendant's e-mail and thereafter, both undersigned and the anonymous Defendant negotiated in good faith mutually agreeable settlement terms. All communications that took place between undersigned and Defendant occurred via e-mail. On July 24, 2013, Plaintiff filed its Notice of Settlement with Defendant John Doe [DE 10].

Plaintiff, Malibu Media, LLC, has instructed undersigned to refrain from initiating settlement communications with both *pro se* and represented defendants alike prior to serving them with a complaint. Undersigned adheres strictly to this policy. And, prior to this case, no *pro se* defendant has ever contacted undersigned prior to being served with a complaint for the

purpose of discussing settlement.  In light of the foregoing, and combined with the e-mail client's filter failure, undersigned was not in the mindset of checking case specific court orders pertaining to settlement or other communications with Defendants.  Undersigned's accidental violation of the Court's Order was the result of an honest omission.

### V. TO PREVENT FUTURE MISTAKES, UNDERSIGNED HAS CREATED A REFERENCE TOOL THAT WILL BE CONSULTED PRIOR TO COMMUNICATING WITH *PRO SE* DEFENDANTS

To prevent future mistakes, undersigned has created an excel spreadsheet which lists all active cases in both the Northern and Southern Districts of Indiana.  The spreadsheet tracks those cases where, as here, judges have entered orders placing restrictions on Plaintiff's and undersigned's ability to communicate with defendants.  Prior to communicating with *pro se* defendants in the future, undersigned will consult the spreadsheet to ensure that communication is not prohibited or otherwise restricted and undersigned will update the spreadsheet regularly.  In this way, undersigned will make sure that a similar mistake is not repeated.

### VI. UNDERSIGNED DESIRES TO REMEDY HIS INADVERTENT MISTAKE

Undersigned desires to remedy this inadvertent error by either returning the settlement money to Defendant and cancelling the settlement, donating it to a legal aid organization, or complying with any other Court recommended course of action.  Although undersigned initially intended to return the settlement proceeds to Defendant as soon as undersigned's mistake was brought to light, undersigned did not want to further agitate the issue by contacting Defendant again in order to return the funds.  Accordingly, undersigned is currently holding the funds pending instruction from the Court.[1]

---

[1] The full settlement amount has not yet been received and additional monies are expected.  Depending on the Court's instruction, undersigned will notify Defendant that it is unnecessary to complete payment in full and take all other necessary and appropriate action to remedy the mistake.

4

VII. **CONCLUSION**

Undersigned has immense respect for this Court and the federal judicial system and never intended for this violation to occur.  Undersigned seriously regrets the honest mistake that was made and again, apologizes to the Court and the Defendant for this error.

Dated:  August 16, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:  /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Paul J. Nicoletti*