UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:13-CV-27-JD-JEM |
| | ) | |
| JOHN DOE, *subscriber assigned IP* | ) | |
| *address 98.226.144.247*, | ) | |
| Defendant. | ) | |

**SHOW CAUSE ORDER**

This matter is before the Court *sua sponte*. A Protective Order was issued in this case and eleven other substantially similar cases before this Court that prohibits direct communication with unrepresented defendants without leave of Court. On August 29, 2013, this Court held a hearing for counsel for Plaintiff to show cause as to why he violated the Court's Protective Order when he communicated directly with Defendant in negotiating a settlement. Counsel admitted to violating the Protective Order but stated that the violation was inadvertent, resulting from a technical failure in screening emails received from defendants in cases subject to the Protective Order. Counsel also stated that he had created a spreadsheet to better track which of his cases were subject to the Protective Order to prevent future violations in other cases. The spreadsheet was attached as an exhibit to Plaintiff's written response to the show cause order, at [DE 18-1].

At the August 29, 2013, hearing, the following exchange occurred regarding other cases before this Court which are subject to identical Protective Orders:

> Q: Now that you've become aware of your error in this case and corrected your email screening mechanism, have you discovered any other communications with Doe defendants subject to the Protective Order?
> A: I have not, your Honor.
> Q: Has any other Doe defendant contacted you that was subject to my Protective Order?

> A: No, absolutely not. This is the first and this is the only time where a settlement has been negotiated and the contact was actually made by the defendant. I'm not aware of any other instance where I've talked to or negotiated with or communicated with a defendant subject to your Protective Order.
> Q: If any Doe defendant contacts you in the future, how will you handle it to ensure you remain in compliance with the Protective Order?
> A: . . . I've got the physical printout, which is posted throughout the office, so before any contact is made in any case the chart is to be referenced and to be cross-checked to make sure that there is no protective order.

On September 4, 2013, counsel filed Plaintiff's Notice of Settlement and Voluntary Dismissal in cause number 3:13-CV-328-RLM-JEM, another case before this Court subject to an identical Protective Order. This cause number was listed on Plaintiff's spreadsheet as being subject to a Protective Order. Plaintiff had not requested leave of Court to communicate with the defendant in that case, and no counsel had appeared on behalf of that defendant. Therefore, it appears to the Court that counsel's representations at the show cause hearing that he had not "talked to or negotiated with or communicated with a defendant subject to [this Court's] Protective Order" and that he would utilize his spreadsheet to prevent further prohibited communications after the hearing were false.

Local Rule 83-5(e) provides: "Indiana's Rules of Professional Conduct and the *Seventh Circuit Standards of Professional Conduct* (an appendix to these rules) govern the conduct of those practicing in the court." N.D. Ind. L.R. 83-5(e). Indiana Rule of Professional Conduct 3.3 states: "A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." The Seventh Circuit Standards of Professional Conduct state that an attorney "will not knowingly misrepresent,

mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court."

Accordingly, the Court hereby **ORDERS** Plaintiff's counsel to **SHOW CAUSE**, if any, on or before **September 26, 2013**, as to why he misrepresented facts regarding his compliance with this Court's Protective Orders at the August 29, 2013, show cause hearing. The Court further **SETS** this matter for a telephonic show cause hearing for **October 10, 2013, at 9:30 a.m. (CST).** The Court to initiate the call.

SO ORDERED this 12th day of September, 2013.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record