## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:13-CV-27-JD-JEM |
| | ) | |
| JOHN DOE, *subscriber assigned IP* | ) | |
| *address 98.226.144.247*, | ) | |
|     Defendant. | ) | |

### ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Its Notice of Settlement and Voluntary Dismissal Under Seal [DE 25], filed by Plaintiff on September 12, 2013.

On May 9, 2013, this Court issued a Protective Order allowing Defendant to proceed anonymously, requiring certain documents containing Defendant's identifying information be filed under seal, and ordering Plaintiff not to use Defendant's real name in any publicly filed communication without leave of Court.

On September 6, 2013, Plaintiff filed under seal Plaintiff's Notice of Settlement and Voluntary Dismissal with Prejudice of John Doe. The Notice did not contain Defendant's real name but did contain an email address in the Certificate of Service.

Local rules prohibit the Clerk of the Court from "maintain[ing] a filing under seal unless authorized to do so by statute, court rule, or court order," N.D. Ind. L.R. 5-3(a). The Protective Order does not authorize the Clerk to maintain the Notice under seal as the Notice did not contain Defendant's name. Plaintiff did not move the Court to issue an order for the Notice to be maintained under seal. Therefore, on September 6, 2013, the Court issued an order announcing its intention to unseal the Notice unless Plaintiff filed a motion to maintain the Notice under seal.

On September 12, 2013, Plaintiff filed the instant motion to maintain the Notice under seal. Plaintiff stated that it filed the Notice under seal out of an abundance of caution because the Certificate of Service contained an email address. Although the email address did not contain Defendant's name, Plaintiff thought it could potentially be used to identify or otherwise contact Defendant.

The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir.2002); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir.1994); *In re Cont'l Ill. Secs. Litig.*, 732 F.2d 1302 (7th Cir.1984)). "What happens in the federal courts is presumptively open to public scrutiny." *Id*.

The email address in the Certificate of Service—which contains only the name "johndoe" followed by six numbers—does not appear to be one used regularly by Defendant, but appears to have been specifically created by Defendant for purposes of communicating with Plaintiff. It does not contain Defendant's real name or other identifying information. Should someone attempt to contact Defendant at that address, Defendant need not respond. The small possibility that someone could ascertain Defendant's identity from the address alone does not overcome the presumption of openness.

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Leave to File Its Notice of Settlement and Voluntary Dismissal Under Seal [DE 25] and **ORDERS the Clerk of the Court** to

**UNSEAL** Plaintiff's Notice of Settlement and Voluntary Dismissal with Prejudice of John Doe [DE 23].

SO ORDERED this 9th day of October, 2013.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record